IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JONATHAN GRUMETTE,            )
                              )
          Plaintiff,          )
                              )
     v.                       )     1:11CV37
                              )
UNITED STATES OF AMERICA,     )
                              )
          Defendant.          )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on the Motion to Dismiss or in the Alternative Motion for Summary Judgment (Docket Entry 10) of Defendant United States. For the reasons that follow, the Court should grant the instant Motion.

BACKGROUND

Plaintiff, proceeding pro se, filed a form "Complaint for Money Owed" in the General Court of Justice, District Court Division – Small Claims, Chatham County, North Carolina, seeking $408.90 for conversion based on "loss of property mailed." (Docket Entry 5 at 1.) Plaintiff's Complaint identified Joanne Wheggy, Manager, U.S. Post Office, Pittsboro, North Carolina, as the defendant. (Id.)[1] The United States petitioned this Court for

---

[1] The United States notes that the defendant originally named in Plaintiff's Complaint spells her last name "Waggy." (Docket Entry 11 at 1 n.1.)

removal, correctly noting that under 28 U.S.C. § 2679(d)(2), based on the Attorney General's designee's certification that the originally named defendant acted within the scope of her employment at the time of the incidents giving rise to Plaintiff's Complaint, Plaintiff's action must proceed in this Court against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"). (See Docket Entry 1 at 2-3.) In addition, the United States moved to substitute itself as the proper Defendant pursuant to 28 U.S.C. § 2679(b)(1). (See Docket Entry 3, ¶¶ 3-4; see also Docket Entry 8 (allowing substitution).) The United States has now filed the instant Motion to Dismiss or in the Alternative Motion for Summary Judgment (Docket Entry 10) contending that the Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, the United States contends that Plaintiff has failed to exhaust his administrative remedies and that the United States has not waived its sovereign immunity with respect to the action giving rise to Plaintiff's claim. (See Docket Entry 11 at 4-11.)

The Clerk of Court mailed Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to the [instant] [M]otion . . . ." (Docket Entry 12 at 1.) The letter specifically cautioned Plaintiff that his "failure to

respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the [United States'] contentions are undisputed and/or that [he] no longer wish[es] to pursue the matter.  Therefore, unless [he] file[s] a response in opposition to the [instant] [M]otion, it is likely [his] case will be dismissed or summary judgment granted in favor of the [United States]." (Id.)  Despite these warnings, Plaintiff has not filed a response to the instant Motion or made any other filings with this Court.  (See Docket Entries dated Feb. 17, 2011, to present.)

## DISCUSSION

The Court should dismiss this action both because of Plaintiff's failure to respond to the instant Motion and because this Court lacks jurisdiction to hear Plaintiff's claim.  Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested.  See M.D.N.C. LR7.3(k). The Clerk specifically warned Plaintiff that his failure to respond to the instant Motion would likely lead to dismissal or a finding of summary judgment for the United States.  (See Docket Entry 12 at 1.)  Plaintiff has offered no explanation to the Court for said failure.  (See Docket Entries dated Feb. 17, 2011, to present.)

In addition, the record reflects that the Court lacks subject matter jurisdiction.[2] "It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued." Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990). Although the FTCA allows an individual to bring a tort claim against the United States "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, that waiver of sovereign immunity "must be scrupulously observed and not expanded by the courts," Kokotis v. United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). Moreover, to invoke the United States' waiver of sovereign immunity, a claimant must first exhaust any applicable administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Regarding exhaustion under the FTCA, a plaintiff must "present[] the claim to the appropriate Federal agency [and the claim must be] finally denied by the agency in writing," 28 U.S.C. § 2675(a). This administrative exhaustion requirement is

---

[2] When resolving a motion under Rule 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment.'" Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

jurisdictional.  Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986)); see also Smith v. United States, No. 1:10CV112, 2011 WL 4899933, at *8-15 (M.D.N.C. Oct. 14, 2011) (unpublished) (observing that recent United States Supreme Court and Fourth Circuit decisions have not altered understanding of limits on FTCA's waiver of sovereign immunity as jurisdictional).  Here, the United States has provided a declaration from a "Supervisor, Tort Claims Examiner/Adjudicator" stating that she "conducted a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed by or on behalf of [Plaintiff]. . . .  No such claim was discovered."  (Docket Entry 11-3, ¶ 4.)  Plaintiff, by failing to respond or otherwise make a filing with the Court (see Docket Entries dated Feb. 17, 2011, to present), has conceded this point. Accordingly, as the uncontested evidence before the Court demonstrates that Plaintiff has failed to exhaust his administrative remedies before filing the instant action, Plaintiff's claim should be dismissed.

Moreover, the Court lacks jurisdiction to hear Plaintiff's claim because the FTCA excepts claims for "the loss, miscarriage, or negligent transmission of . . . postal matter" from the waiver of sovereign immunity, 28 U.S.C. § 2680(b).  See Dolan v. United States Postal Serv., 546 U.S. 481, 484-85 (2006) (describing FTCA's

waiver of sovereign immunity and exceptions thereto, including specifically Section 2680(b), as "jurisdictional"). The Complaint indicates only that Plaintiff brings a claim for conversion based on "loss of property mailed." (Docket Entry 5 at 1.) The instant Motion and supporting attachments provide the following further detail: Plaintiff brought a package to the Pittsboro, North Carolina, Post Office for delivery to the Ukraine (see Docket Entry 11-4, ¶ 3), and, despite the Post Office's records showing delivery on or about August 11, 2009 (see id. ¶ 4; see also Docket Entries 11-6, 11-7, 11-8, 11-10), Plaintiff contends the intended recipient never received the package in question (see Docket Entries 11-9, 11-11). Thus, because the Complaint and the uncontested evidence before the Court demonstrate that Plaintiff's claim concerns the "loss, miscarriage, or negligent transmission of . . . postal matter," 28 U.S.C. § 2680(b), with regard to which the United States has not waived sovereign immunity, id., the Court lacks jurisdiction to hear Plaintiff's claim for this reason as well.[3]

---

[3] In certain of the attachments to the instant Motion – consisting of letters sent by Plaintiff – Plaintiff complains of a failure to receive insurance owed to him for the package's loss. (See Docket Entries 11-9, 11-11.) As noted, however, Plaintiff's Complaint asserts only a claim for conversion. (See Docket Entry 5 at 1.) Even if Plaintiff's Complaint raised a claim for breach of contract with respect to the insurance owed, the instant action would remain subject to dismissal both due to Plaintiff's failure to respond, see M.D.N.C. LR7.3(k), and for Plaintiff's failure to exhaust his administrative remedies, see Ly v. United States Postal Serv., 775 F. Supp. 2d 9, 13 (D.D.C. 2011) (dismissing breach of contract claim against post office for failure to exhaust
(continued...)

CONCLUSION

On the record of this case, no reason exists to depart from the general rule that Plaintiff's failure to respond to the instant Motion warrants granting the relief requested. See M.D.N.C. LR7.3(k). Furthermore, this Court lacks jurisdiction both because of Plaintiff's failure to exhaust his administrative remedies and because the United States has not waived sovereign immunity under the FTCA with respect to claims based on "the loss, miscarriage, or negligent transmission of . . . postal matter," 28 U.S.C. § 2680(b).

**IT IS THEREFORE RECOMMENDED** that the United States' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Docket Entry 10) be granted in that the Court should dismiss this action for lack of subject matter jurisdiction.

　　　　　　　　　　　　　　　　/s/ L. Patrick Auld
　　　　　　　　　　　　　　　　**L. Patrick Auld**
　　　　　　　　　　　　**United States Magistrate Judge**

July 31, 2012

---

[3](...continued)
administrative remedies); Dosso v. United States Postal Serv., Civil Action No. CCB-10-1703, 2010 WL 4900988, at *5 (D. Md. Nov. 24, 2010) (unpublished) (same); Willett v. Morrice Post Office, No. 05-72296, 2005 WL 1981302, at *3 (E.D. Mich. Aug. 16, 2005) (unpublished) (same).